1  TONY WEST
   Assistant Attorney General
2  DAVID J. KLINE
   Director, District Court Section
3  Office of Immigration Litigation
   VICTOR M. LAWRENCE
4  Principal Assistant Director
   THEODORE W. ATKINSON
5  Senior Litigation Counsel
   JEFFREY M. BAUER
6  Trial Attorney
   EREZ REUVENI
7  Trial Attorney

8       P.O. Box 868, Ben Franklin Station
        Washington, DC  20044
9       Telephone: (202) 305-0899; FAX: (202) 616-8962

10 Attorneys for Defendants

11                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
12                  SAN FRANCISCO DIVISION

13 UELIAN DE ABADIA-PEIXOTO, *et. al*,       )
                                            )   No. 11-cv-4001 (RS)
14                                          )
                      Plaintiffs,           )
15                                          )   **DEFENDANTS' OPPOSITION TO**
        v.                                  )   **PROPOSED AMICI'S MOTION FOR**
16                                          )   **LEAVE TO FILE AN AMICUS**
                                            )   **BRIEF**
17 United States Department of Homeland     )
   Security, *et al.*,                      )
18                                          )
                      Defendants.           )
19 _____ )

20

21

22

23

24

25

26

27

28

1

2

## TABLE OF CONTENTS

3

4
DEFENDANTS' OPPOSITION TO PROPOSED *AMICI CURIAE*'S MOTION FOR LEAVE
TO FILE BRIEF............................................................. 1

5

6
THE COURT SHOULD NOT GRANT LEAVE TO THE *AMICI CURIAE* GROUPS TO
FILE AN AMICUS BRIEF IN PLAINTIFFS OPPOSITION TO THE MOTION TO
DISMISS. ............................................................... 3

7

8
1.    The *Amici Curiae* Group Offers No Argument or Point of View Not
Available from the Parties.. ............................................ 4

9
2.    The Plaintiffs in this Action are Represented by Experienced Counsel. . . 6

10

11
3.    The *Amici Curiae* Group's Briefing Raises Disputed Factual Assertions
And Is therefore Inappropriate................................. 8

12
CONCLUSION. ............................................................ 11

13
CERTIFICATE OF SERVICE. ........................................... 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

2

**TABLE OF AUTHORITIES**

3

**CASES**

4

*Club v. Federal Emergency Management Agency (FEMA)*,

5
2007 WL 3472851 (S.D. Tex. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6

*Community Ass'n for Restoration of the Env't v. Deruyter Brothers Dairy*,

54 F. Supp. 2d 974 (E.D. Wa. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6

7

8

*Elm Grove v. Py*,

724 F. Supp. 612 (E.D. Wis. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9

*Glassroth v. Moore*,

10
347 F.3d 916 (11th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

11

*Hoptowit v. Ray*,

12
682 F.2d 1237 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13

*Juniper Networks v. Shipley*,

14
No. 09-0696, 2010 U.S. Dist. LEXIS 24889 (N.D. Cal. March 17, 2010). . . . . . . . . . 9, 10, 11

15

*Linker v. Custom-Bilt Machinery, Inc.*,

594 F. Supp. 894 (E.D. Pa. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

16

17

*Smith v. Chrysler Fin. Co.*,

No. 00-6003, 2003 U.S. Dist. LEXIS 1798 (D.N.J. Jan. 15, 2003). . . . . . . . . . . . . . . . . . . 4, 9

18

*Strasser v. Doorley*,

19
432 F.2d 567 (1st Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, *passim*

20

*Titan Am., LLC v. Darrell*,

21
No. 100340, 2011 U.S. Dist. LEXIS 100340 (E.D.N.C. Sept. 2, 2011). . . . . . . . . . 4, 9, 10, 11

22

*United States v. Ahmed*,

788 F. Supp. at 198. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

23

24

*United States v. El-Gabrowny*,

844 F. Supp. 955 (S.D.N.Y. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25

26

*United States v. Gotti*,

755 F. Supp. 1157 (E.D.N.Y. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

27

28

ii

1

2

*Voices for Choices v. Illinois Bell Tel. Co.*,
339 F.3d 542 (7th Cir. 2003).... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Yip v. Pagano*,
606 F. Supp. 1566 (D.N.J. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P 12(b)(6).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  89

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OPPOSITION TO PROPOSED *AMICI CURIAE*'S MOTION FOR LEAVE TO FILE BRIEF**

This action began on August 15, 2011, when Plaintiff s Uelian de Abadia-Peixoto, Esmar Cifuentes, Pedro Nolasco Jose, and Mi Lian Wei filed this putative class action seeking to represent a class of aliens currently appearing or scheduled to appear in removal proceeding in San Francisco Immigration Court.  On August 18, 2011, Plaintiffs filed a motion to certify a class action.  Thereafter, the Court ordered the parties to negotiate a briefing schedule in order to facilitate a hearing on November 17, 2011, on Plaintiffs' motion for class certification and any motion to dismiss the Government Defendants intended to file.  Following careful negotiations between the parties, Plaintiffs and Defendants stipulated to a briefing schedule in which Defendants would file their Motion to Dismiss on October 11, 2011 and their opposition to class certification on October 14, 2011.  Thereafter, Plaintiffs agreed to file their reply in support of class certification on October 24, 2011, and their opposition to the motion to dismiss on November 1, 2011.  Defendants have until November 10, 2011 to file any reply in support of their motion to dismiss and a hearing on the motion to dismiss and the class certification motion is scheduled for November 17, 2011.

Defendants filed their Motion to Dismiss as scheduled on October 14, 2011. Principally, Defendants argued that Plaintiffs' claimed were unripe, that Plaintiffs failed to plausibly allege a facial constitutional claim, and that Plaintiffs failed to plausibly allege an as-applied constitutional challenge as to the four named Plaintiffs.  On October 31, 2011, the day before Plaintiffs' opposition was due, counsel for proposed *amicus* contacted the undersigned to inform Defendants of proposed *amicus*'s intention to file an *amicus* brief in support of Plaintiffs.  On November 1, 2011, the undersigned and counsel for proposed *amicus* conferred by phone.  The undersigned expressed Defendants' initial opposition to the brief given the previously negotiated briefing and hearing schedule.[1]  On November 1, 2011,

_____

[1] Counsel for proposed *amici* suggests that Defendants informed him that they do not oppose the  filing of an *amicus* brief.  Dkt. #37 at 3.  This is incorrect.  When counsel conferred on

1  proposed *amicus* the Asian Law Caucus, Centro Legal de La Raza, and Dolores Street

2  Community Services filed a "Motion for Leave to File Brief of Amicus Curiae."

3       For the reasons presented herein, Defendants oppose the motion. Although the Court

4  retains discretion to grant or deny the motion, where the parties do not jointly consent to the

5  participation of *amicus* during district court proceedings, the Court should only grant the

6  motion where *amici* have demonstrated "a special interest that justifies [their] having a say" or

7  "that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d

8  567, 569 (1st Cir. 1970). Proposed *amici* fail to articulate any special interest justifying their

9  participation in this litigation. Further, existing counsel, no less than ten highly capable

10 attorneys from the law firm of Wilson Sonsini Goodrich & Rosasti (WSGR), the Lawyers

11 Committee for Civil Rights (LCCR), and The American Civil Liberties Union Foundation of

12 Northern California (ACLU), do not need supplementing assistance. Moreover, proposed

13 *amici* do not raise any new arguments that Plaintiffs' counsel have not already addressed. *See,*

14 *e.g.*, *Community Ass'n for Restoration of the Env't v. Deruyter Brothers Dairy*, 54 F. Supp. 2d

15 974, 976 (E.D. Wa. 1999). Finally, and crucially, *amici* also raise a host of factual assertions

16 found nowhere in the Complaint. "[A]n amicus who argues facts should rarely be welcomed."

17 *Strasser*, 432 F.2d at 569. Because on a motion to dismiss pursuant to 12(b)(6) "the court is

18 to determine only whether a claim is stated, and is not to resolve factual contests or determine

19 the applicability of defenses," an *amicus* brief arguing factual matter is not appropriately

20 considered at the "Rule 12(b)(6) stage," and is therefore "not relevant to the matter now

21 before the court." *Titan Am., LLC v. Darrell*, No. 100340, 2011 U.S. Dist. LEXIS 100340,

22

23 November 1, 2011, the undersigned indicated Defendants' concerns regarding the proposed
   *amicus* filing's effect on the parties' negotiated briefing schedule. *See* Ex. 1, Declaration of
24 Erez Reuveni, at ¶ 5. Counsel for proposed *amicus* indicated that he was unaware of any
   scheduling agreement, and that the matter should be addressed with Plaintiffs. *Id.* at ¶ 6.
25 Counsel for proposed *amici* thereafter indicated that should Defendants object to the *amicus*
   filing, they could oppose the motion after seeing the brief. *Id.* Defendants did not
26 unequivocally consent to the filing of any *amicus* brief and reserved the right to oppose the
27 motion. *Id.* at ¶¶ 5, 7.

28                                                3

1

2   *15 (E.D.N.C. Sept. 2, 2011); *accord Juniper Networks v. Shipley*, No. 09-0696, 2010 U.S.

3   Dist. LEXIS 24889, *26 (N.D. Cal. March 17, 2010) (same).

4         Accordingly, the Court should deny proposed *amici's* motion for leave to submit an

5   *amicus* brief in this case.   Alternatively, should the Court find the *amicus* submission

6   appropriate, the Defendants respectfully move this court to modify the current briefing

7   schedule to permit the Defendants sufficient time to respond to the proposed *amicus* brief.

8   Although under the current schedule, Defendants reply in support of the motion to dismiss is

9   due November 10, 2011, the Defendants request permission to file a response to the proposed

10  *amicus* brief by November 14, 2011.

11        **THE COURT SHOULD NOT GRANT LEAVE TO THE *AMICI CURIAE*
    GROUPS TO FILE AN AMICUS BRIEF IN PLAINTIFFS OPPOSITION TO**

12        **THE MOTION TO DISMISS**.

13        The extent, if any, to which *amici curiae* should be permitted to participate in a

14  pending action is solely within the discretion of the district court.  *See, e.g.*, *Hoptowit v. Ray*,

15  682 F.2d 1237, 1260 (9th Cir. 1982).   In cases where a party does not consent to the filing,

16  such as is the case here, the Court should be particularly cautious before making a

17  determination on the application for leave:

18        . . . a district court lacking joint consent of the parties should go slow in
          accepting, and even slower in inviting, an *amicus* brief unless, as a party,

19        although short of a right to intervene, the *amicus* has a special interest that
          justifies his having a say, or unless the  court feels that existing counsel may

20        need supplementing assistance.

21  *Strasser*, 432 F.2d at 569; *accord United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y.

22  1991) ("it may be thought particularly questionable for the court to accept an amicus when it

23  appears that the parties are well represented and that their counsel do not need supplemental

24  assistance and where the joint consent of the parties to the submission by the *amicus* is

25  lacking").   Moreover, where, as here, "[a]n amicus [a]rgues facts," the *amicus* briefing

26  "should rarely be welcomed."  *Strasser*, 432 F.2d at 569; *see, e.g.*, *Titan Am., LLC v. Darrell*,

27

28                                4

1  2011 U.S. Dist. LEXIS 100340 at \*15 (same); *Smith v. Chrysler Fin. Co.*, No. 00-6003, 2003

2  U.S. Dist. LEXIS 1798, \*24 (D.N.J. Jan. 15, 2003) (same).

3  As explained below, in this case, the proposed *amici curiae* offer no special interest to

4  justify their having a say in this action, and there is absolutely no evidence that existing

5  counsel need supplemental assistance. *See, e.g., Club v. Federal Emergency Management*

6  *Agency (FEMA)*, 2007 WL 3472851, at \*1 (S.D. Tex. 2007) (denying *amicus curiae*

7  participation by interest group where parties did not jointly consent, where parties were ably

8  represented by counsel, and where the applicant *amicus curiae* was considered "partisan.")

9  (citations omitted); *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (denying

10  *amicus curiae* leave to file a brief where no special interest justified the brief and where no

11  evidence showed existing counsel needed supplementing assistance); *Linker v. Custom-Bilt*

12  *Machinery, Inc.*, 594 F. Supp. 894, 897-98 (E.D. Pa. 1984) (same). Moreover, not only do the

13  proposed *amici* raise no new arguments that have not already been addressed by Plaintiffs in

14  their briefing, but they raise factual matters found nowhere in the Complaint or in any

15  permissible exhibits. Accordingly, their motion for leave to file an *amicus* brief should be

16  denied. *See Strasser*, 432 F.2d 567, 569.

17  1.  The *Amici Curiae* Group Offers No Argument or Point of View Not Available
    from the  Parties.

18

19  The proposed *amici curiae* consist of three advocacy groups whose litigation focus is

20  immigration law. *See* Dkt. #37 at 2. They assert that dismissal of *this* case might have

21  consequences for alien detainees who they represent in *other* matters, although they do not

22  identify any specific individual. *See* Dkt. #37 at 2. This insufficient to demonstrate any

23  "special interest," especially in light of the fact that proposed *amici's* brief is duplicative of

24  Plaintiffs' opposition to the motion to dismiss and does not offer any additional argument not

25  already made by Plaintiffs' quite capable counsel.

26  The *amici curiae* groups advance three principal arguments in their opposition to the

27  Government Defendants' motion to dismiss: (1) that Defendant Immigration and Customs

28  5

1   Enforcement (ICE)'s restraints policy affects Plaintiffs' right to counsel, Dkt. #38 at 6-11; (2)

2   that the policy impacts Plaintiffs' ability to meaningfully participate in their own defense, *id.*

3   at 11-15; and (3) that the policy undermines the dignity of proceedings.  *Id.* at 15-16.  Each of

4   these arguments is duplicative of factual allegations made by Plaintiffs in their Complaint and

5   legal arguments raised in their opposition to the motion to dismiss.  *See generally*, Dkt. #1

6   (Complaint) at ¶¶ 38-42; 66-97; Dkt. # 33 (Defendants' Motion to Dismiss) at 15-19; Dkt. #

7   40 at 12-24.

8        In particular, Plaintiffs argue extensively in their opposition that Defendants'

9   shackling policy impairs detainees "mental faculties" and ability to participate in their own

10  defense,  "impede[s] the communication between the detainee and his lawyer," and that

11  "shackles may detract from the dignity and decorum of the judicial proceedings."  Dkt. # 40 at

12  15; *see generally id.* at 12-24.  Plaintiffs devote thirteen pages of their brief reviewing the

13  relevant Ninth Circuit and Supreme Court case law governing each of these claims.  *Id.*

14  Accordingly, the arguments of *amici curiae* in large part simply reiterate the arguments made

15  by counsel for Plaintiffs, and do not serve to assist this Court.  *See, e.g., Community Ass'n for*

16  *Restoration of the Env't*, 54 F. Supp. 2d at 976 (stating *amicus* brief is inappropriate where,

17  among other things, it does not provide argument "beyond the help that the lawyers for the

18  parties are able to provide"); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1

19  (S.D.N.Y. 1994) (denying *amicus* status on grounds that the submissions did not offer "any

20  argument or point of view not available from the parties themselves.").

21       Although the Ninth Circuit has not directly addressed the issue, at least two other

22  circuit courts of appeal have cautioned against permitting *amicus* briefs where *amici*'s

23  arguments are duplicative of or otherwise overlap with Plaintiffs' arguments because they

24  suggest an attempt to evade page-limitations on a party's briefs.  *See Glassroth v. Moore*, 347

25  F.3d 916, 919 (11th Cir. 2003) ("amicus briefs are often used as a means of evading the page

26  limitations on a party's briefs"); *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542 (7th

27

28                                          6

1    Cir. 2003) ("Amicus briefs, often solicited by parties, may be used to make an end run around

2    court-imposed limitations on the length of parties' briefs."). Here Plaintiffs spent 13 pages of

3    their opposition addressing the issues *amici* propose to argue. Proposed *amici*'s arguments

4    have already been made and the Court and the parties would gain little from permitting the

5    *amicus* filing.[2] Because proposed *amici* do not articulate any "special interest" they may have

6    in submitting what is essentially a brief making the same arguments that Plaintiffs made in

7    their briefing, the court should deny the motion seeking leave to submit an *amicus* brief.

8         2.    The Plaintiffs in this Action are Represented by Experienced Counsel

9         This is not a case where existing counsel may need supplementary assistance.

10   Plaintiffs are principally represented by experienced immigration counsel from the lawyers

11   Committee for Civil Rights (CFC), the American Civil Liberties Union Foundation of

12   Northern California (ACLU), and the law firm of Wilson Sonsini Goodrich & Rosati.

13   According to CFC's website, lead counsel for the CFC, Philip Hwang, a graduate of Harvard

14   Law School, "oversees the organization's direct services programs and policy work and

15   litigates    cases    in    the    area    of    immigrant    and    refugee    rights."    *See*

16   http://www.lccr.com/about_staff_hwang.shtml. His resume also boasts that he "has served as

17   co-lead counsel in several lawsuits against the United States for the abuse of immigrants and

18

19   _____

20        [2] The fact that proposed *amici*'s briefing does not provide any special perspective on
     immigration issues is further demonstrated by the fact that their brief essentially mirrors the
21   Government's brief in its response. The Government argued that Plaintiffs failed to plausible
     allege that the restraints policy affects Plaintiffs' right to counsel, their ability to meaningfully
22   participate in their own defense, or the decorum or dignity of proceedings. *See* Dkt. # 33 at
     15-19. Proposed *amici* argue the converse, relying entirely on the same factual allegations
23   made by Plaintiffs, and the same case-law cited by Plaintiffs in their opposition. *Compare*
     Dkt. #38 at 5-15, *with* Dkt. #40 at 12-25; Dkt. # ¶¶ 38-42; 66-97. That their arguments are
24   entirely responsive to the Government's motion to dismiss and repeat the very same
     arguments Plaintiffs make in their briefing and allege in their Complaint belies any contention
25   that proposed *amici* are offering any special perspective not already addressed by the parties.
     In any event, as argued *infra*, proposed *amici*'s briefing is riddled with factual argument that
26   is entirely inappropriate in an amicus brief at the motion to dismiss stage.

27

28                                              7

1   refugees and litigated first amendment challenges to local ordinances on behalf of day

2   laborers." *Id.*

3         Similarly, according to the ACLU's website, Julia Harumi Mass, lead counsel for the

4   ACLU, handles an active immigration litigation practice, working "on a variety of civil rights

5   and civil liberties issues involving criminal justice and the rights of students, immigrants and

6   public employees."    *See* http://www.aclusonoma.org/JuliaHarumiMass.html.    She also

7   actively "monitor[s] immigration enforcement practices" on behalf of the ACLU.   *Id.*

8   Finally, David Berger, counsel for Wilson Sonsini, an large international firm employing

9   hundreds of attorneys, "maintains an active pro bono and public service practice" and is "chair

10  of the Pro Bono committee.  *See* http://www.wsgr.com/wsgr/DBIndex.aspx?SectionName

11  =attorneys/BIOS/855.htm.    Thus, this is not a case where Plaintiffs have inexperienced

12  counsel who require the assistance of *amici* groups.

13        Finally, the applicants' proposed *amici* brief represents that, "the effects of a dismissal

14  . . . would have importance consequences for all ICE detainees, many of whom are

15  represented by *amici.*"   Dkt. #37 at 2.   Defendants do not concede this to be true; but,

16  nevertheless, this is not persuasive argument to justify allowing *amici* representation.   To the

17  contrary, such argument further exemplifies that the partisanship nature of the representation

18  will not be helpful to the Court in resolving the issues.[3]  *See, e.g., United States v. Ahmed,* 788

19  F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (noting that formally granting *amici* status would do

20  nothing to aid the court's evaluation of the issues in the underlying actions.); *Elm Grove v. Py*,

21  724 F. Supp. 612, 613 (E.D. Wis. 1989) (denying motion to submit *amicus* brief where

22  movant had "own particular interests in the outcome of this litigation" and the parties were

23  ―――――――――――――――――――

24  [3] If the proposed *amici* are so concerned with this litigation's potential effect on their
    unnamed clients, the appropriate course of action is for them to seek to interview.  *See, e.g.,*

25  *Linker v. Custom-Bilt Machinery, Inc.*, 594 F. Supp. 894, 898 (E.D. Pa. 1984).  Even so,
    because the Plaintiffs here seek to represent a class of all individuals restrained during

26  immigration proceedings, such intervention would be wholly unnecessary.  *See id.*

27  (suggesting availability of class action device obviates need for *amicus*).

28                                          8

"competently represented"); *Linker*, 594 F. Supp. at 898. (rejecting *amicus* brief where proposed *amicus* sought to represent the interests of individuals potentially affected by misrepresentations at issue in the underlying litigation).

> 3. The *Amici Curiae* Group's Briefing Raises Disputed Factual Assertions And Is therefore Inappropriate.

Even assuming that proposed *amici* have raised a "special interest" sufficient to warrant their participation over Defendants' objection and that their briefing is not inappropriately duplicative of Plaintiffs' briefing, the Court should nevertheless deny the motion to submit an *amicus* brief because the proposed brief raises a host of disputed factual assertions.

Generally, an *amicus* brief should not be permitted if that brief "argues facts." *Strasser*, 432 F.2d at 569; *accord Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985) ("At the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level . . . ."). The rule follows from the fact that the facts argued by *amicus* "are not correctable on appeal." *Smith*, 2003 U.S. Dist. LEXIS 1798 at *24; *see Strasser*, 432 F.2d at 569 (same). The rule is particularly applicable where the party seeking leave to file an *amicus* brief seeks to do so in support of a party opposing a motion to dismiss. *See Titan*, 2011 U.S. Dist. LEXIS 100340 at *15. Because on a motion to dismiss pursuant to 12(b)(6) "the court is to determine only whether a claim is stated, and is not to resolve factual contests or determine the applicability of defenses," an *amicus* brief arguing factual matter is not appropriately considered at the "Rule 12(b)(6) stage," and is therefore "not relevant to the matter now before the court." *Id.*; *see Juniper Networks*, 2010 U.S. Dist. LEXIS 24889 at *26 (rejecting *amicus* brief that raised factual questions irrelevant to a motion to dismiss)

Here, proposed *amici* make various unsupported factual assertions. For example, proposed *amici* allege, with no factual support, that Defendants restraints policy "discourages immigrant detainees from confidentially, candidly, and accurately communication with their

1  attorneys, thereby undermining these attorneys' ability to represent their clients" and that

2  shackling "subjects detainees to physical pain and humiliation, prejudicing their ability to

3  participate in their own defense and depriving them of an opportunity to tell their story to the

4  immigration judge."   Dkt. #38 at 2.   However, none of proposed *amici*'s clients are currently

5  parties to this litigation.   It is impossible to determine whether the facts affecting cases

6  unrelated to this litigation involving proposed *amici's* clients are in fact what proposed

7  *amici's* assert they are.   Moreover, it is impossible to determine whether the *specific facts* of

8  each of the proposed *amici's* hypothesized clients hypothesized restraints actually prejudices

9  those aliens ability to participate in their as of yet to occur proceedings.

10      Proposed *amici* also articulate facts found nowhere in the Complaint in this case or

11  anywhere in the parties briefing.   For example, they hypothesize a detainee who may be

12  "roused at two in the morning" who "sit[s] in the gallery, chained to other detainees," and who

13  may have fled her home country to "escape rape, torture, or other atrocities."   Dkt. #38 at 3.

14  They further hypothesize a detainee fleeing a "region composed of warring political factions"

15  and an alien who "is deaf, and can only communicate in sign language."   *Id.* at 2-3; *see id.* at

16  9-10 (arguing factual matter regarding aliens fleeing political persecution).   These are

17  precisely the sorts of disputed facts that *amicus* briefs are not permitted to raise.   *See Strasser*,

18  432 F.2d at 569; *accord Titan*, 2011 U.S. Dist. LEXIS 100340 at *15; *Juniper Networks*, 2010

19  U.S. Dist. LEXIS 24889 at *26.

20      That the proposed *amici's* brief impermissibly argues facts is further demonstrated by

21  their various assertions that some set of hypothesized detainees will always suffer prejudice if

22  restrained during removal proceedings.   Dkt. #38 at 7-14. However, as explained in greater

23  detail in Defendants' motion to dismiss, prejudice is a fact-specific inquiry. Dkt. # 33 at 1, 8-

24  9, 15-19.   It therefore particularly inappropriate for *amici* to dispute facts based on

25  unsupported hypothetical generalizations.   For example, proposed *amici* claim, with no

26  support, that a "shackled detainee has no meaningful opportunity . . . to write notes to her

27

28                                    10

1   lawyer, let alone review documents." *Id.* at 11.  Citing cases, rather than the complaint and

2   the specific facts alleged here, proposed *amici* also assert the some hypothesized set of

3   detainees lacks sufficient education or proficiency English to participate in their proceedings;

4   that these aliens lack counsel; and that these aliens suffer actual physical pain sufficient to

5   impair their mental faculties and confuse and embarrass them.  *Id.* at 11-12, 14.  However,

6   none of the named Plaintiffs in *this* case in fact raise any plausible allegations regarding these

7   hypothesized facts.  *See* Dkt. #33 at 15-19.  Indeed, each named Plaintiff is represented by

8   counsel and none have alleged that they could not write notes to their lawyers or review

9   documents, or that if they could not, that they made any request to modify their restraints so

10  that they could participate.  *Id.*  Nor have any named Plaintiffs alleged a lack of English

11  proficiency or education has caused them suffer actual prejudice.  *Id.*  But these factual claims

12  are not appropriate in *amicus* briefs in district court.  *See Strasser*, 432 F.2d at 569; *accord*

13  *Titan*, 2011 U.S. Dist. LEXIS 100340 at *15; *Juniper Networks*, 2010 U.S. Dist. LEXIS

14  24889 at *26.

15      Finally, proposed *amici* make various factual arguments regarding the dignity and

16  decorum of proceedings.  Dkt. #38 at 15.  They assert, with no factual basis to do so, that in

17  San Francisco immigration court "the rattle of shackles and the shouted responses of detainee-

18  defendants who are forced to sit in the gallery disturb what should be a solemn proceedings."

19  *Id.*  This claim is found nowhere in the complaint or the parties submitted exhibits.  Proposed

20  *amici* also assert that the "reality of San Francisco Immigration Court Proceedings" is

21  "unconscionable." *Id.* At 16.  This too is found nowhere in the complaint.

22      In sum, proposed *amici* argue a host of facts found nowhere in the Complaint and

23  which the Defendants vigorously dispute.   Such factual argumentation is entirely

24  inappropriate in an *amicus* brief.  *See, e.g.*, *Strosser*, 432 F..2d at 569; *Titan*, 2011 U.S. Dist.

25  LEXIS 100340 at *15; *Juniper Networks*, 2010 U.S. Dist. LEXIS 24889 at *26.  Accordingly,

26  the proposed *amici*'s motion for leave to file an *amicus* brief should be denied.

27

28                                          11

1

## CONCLUSION

2

3    For the foregoing reasons, the Court should deny leave to the *amici curiae* groups

seeking leave to file a brief in this action.

4

Dated:  Novemebr 2, 2011                    Respectfully submitted,

5

6                                           TONY WEST
                                            Assistant Attorney General

7                                           DAVID J. KLINE
                                            Director, District Court Section
8                                           Office of Immigration Litigation

9                                           VICTOR M. LAWRENCE
                                            Principal Assistant Director

10
                                            THEODORE W. ATKINSON
11                                          Senior Litigation Counsel

                                            JEFFREY M. BAUER
12                                          Trial Attorney

13                                   By:    ___/s/ *Erez Reuveni*___
                                            EREZ REUVENI
14                                          Trial Attorney
                                            U.S. Department of Justice
15                                          P.O. Box 868, Ben Franklin Station
                                            Washington, DC  20044
16                                          (202) 307-4293; 616-8962 (FAX)
                                            Erez.R.Reuveni@usdoj.gov
17

18

19

20

21

22

23

24

25

26

27

28                                          12

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 2d day of November 2011, I electronically filed the

3

foregoing with the Clerk of Court by using the CM/ECF system, which provided an electronic

4

5

notice and electronic link of the same to all attorneys of record through the Court's CM/ECF

6

system.

7

8

                                      /s/ *Erez Reuveni*
EREZ REUVENI

9

Trial Attorney
Office of Immigration Litigation,

10

District Court Section
U.S. Department of Justice

11

P.O. Box 868, Ben Franklin Station

12

Washington, DC 20044

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28