**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UELIAN DE ABADIA-PEIXOTO, et al., | No. C 11-4001 RS |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO CERTIFY CLASS** |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |
| _____/ | |

## I.  INTRODUCTION

This putative class action challenges a policy and practice whereby all civil immigration detainees are shackled during their appearances in immigration court in San Francisco, without individual determinations of need for such restraints.  Plaintiffs move to certify the class, and defendants move to dismiss.

## II. BACKGROUND

Defendant Immigration and Customs Enforcement ("ICE") is a federal law enforcement agency within the Department of Homeland Security.  Defendant Executive Office for Immigration Review ("EOIR") is an agency within the Department of Justice that administers immigration

**United States District Court**
For the Northern District of California

1    courts. The individual defendants in this action are all named in their official capacities as heads of

2    the agencies and departments involved, or of local offices thereof.

3        Plaintiffs allege that defendants have implemented a blanket practice of requiring all

4    detained immigrants to appear for immigration court hearings in shackles—hard metal restraints

5    around their ankles, wrists, and waists. This practice is applied across the board—to refugees fleeing

6    persecution and torture in their native countries, the elderly, and the physically and mentally

7    disabled—with no review of the need for restraints for particular detainees. During master calendar

8    hearings, detainees are often chained to one another in what is referred to as a "daisy chain."

9        Plaintiffs aver that for many detainees, the shackles cause physical pain and discomfort,

10   including bruising and swelling.  Plaintiffs assert that shackling also can cause emotional and

11   psychological injuries, including serious harm to detainees who have been bound or tortured in the

12   past.  Plaintiffs further argue and allege that shackling impairs the mental acuity, confidence, and

13   energy individuals need for a full and fair opportunity to participate in their immigration

14   proceedings.  Plaintiffs contend that when shackled, a detainee has difficulty taking notes and

15   handling documents.  The attorney-client relationship can be impaired because, when "daisy-

16   chained," detainees must choose between disclosing personal, and sometimes humiliating, facts

17   within earshot of other detainees or withholding from their counsel information that could be crucial

18   to their cases.

19       At the time the complaint was filed, named plaintiffs Uelian DeAbadia-Peixoto, Esmar

20   Cifuentes, Pedro Nolasco Jose, and Mi Lian Wei were all in ICE custody, had been subjected to

21   ICE's shackling practices, and had merits hearings scheduled in the near future in which they

22   expected to be shackled in accordance with ICE's blanket practice. The named plaintiffs alleged that

23   none of them would pose any risk of flight or threat to the safety and security of the courtroom if

24   allowed to appear without physical restraints.

25

26

27

28

2

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. DISCUSSION

A.   <u>Motion to dismiss</u>

1.   <u>Ripeness</u>

Defendants contend that plaintiffs' claims are all subject to dismissal for lack of ripeness because they, "rest upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009).  Defendants' ripeness argument is two-fold—first, plaintiffs have not yet had their merits hearings and therefore have not suffered the shackling about which they complain, and second, that plaintiffs cannot yet know if they will be *prejudiced*, even assuming they are shackled at their hearings.

Neither prong of defendants' argument is compelling.  While the plaintiffs' particular hearings may not yet have occurred, they have sufficiently alleged facts showing a concrete threat of imminent conduct presenting a ripe controversy that can be adjudicated.  While it may be theoretically *possible* that something could happen in the interim such that plaintiffs' hearings would not go forward, or that the shackling policy will change or not be applied to them, their claims are neither speculative nor remote.

Defendants' contention that plaintiffs may or may not suffer prejudice even if they are shackled at their hearings rests on an inapplicable standard.  Defendants argue that plaintiffs must show that "but for" the shackling, they will not be ordered removed.  Defendants rely on the rule that a due process violation in an immigration proceedings will not support a reversal on appeal absent a showing of such prejudice. *See e.g., United States v. Nicholas-Armenta*, 763 F.2d 1089 (9th Cir. 1985).  The premise that a due process violation is not grounds for *reversal* absent a showing of that degree of prejudice, has no bearing on a plaintiff's right to seek to enjoin due process violations from occurring in the first instance.[1]

---

[1]   Defendants also argue that plaintiffs have not shown and will not be able to show prejudice because, in defendants' view, shackling outside the presence of a jury is *never* prejudicial.  This argument is addressed below.

United States District Court
For the Northern District of California

1      2. Facial challenge

2          Defendants also suggest that plaintiffs are challenging the shackling policy as invalid on its

3  face, and therefore must show that it could not be valid under any circumstances.  To the extent

4  defendants are simply suggesting shackling may be appropriate under some circumstances, plaintiffs

5  do not disagree.  The challenge plaintiffs are making, however, is that the *blanket* shackling policy

6  is invalid under the circumstances in which it applies, namely to all civil detainees appearing for

7  immigration court hearings in San Francisco.  Plaintiffs either will or will not succeed in

8  establishing that the blanket policy is invalid, but they need not prove that shackling on an

9  individualized basis is never permissible, or that it could never be proper to have a blanket shackling

10  policy in some other place or time, or under circumstances unlike those present in the particular

11  immigration court where this policy applies.

12

13      3. *United States v. Howard*

14          The heart of defendants' motion to dismiss is the argument that plaintiffs' claims are

15  foreclosed on the merits by the Ninth Circuit's decision in *United States v. Howard*, 480 F.3d 1005

16  (9th Cir. 2007).  *Howard* arose from an interlocutory appeal brought by criminal defendants to

17  challenge a district-wide shackling policy implemented by the United States Marshals Service for

18  the Central District of California after consultation with the magistrate judges in that district.  The

19  policy required all pretrial detainees making their first appearance before a magistrate judge to wear

20  leg shackles. *Id.* at 1008.  Taking into account a number of considerations, including the fact that

21  concerns about shackling historically focused on the potential prejudicial effect it might have on a

22  jury, *Howard* concluded that the policy before it did not violate the defendants' rights. *Id.* at 1014.

23          Relying on the heavy emphasis *Howard* placed on the absence of a jury, and noting that the

24  court also expressly considered some of the same alleged burdens on the rights of the accused that

25  plaintiffs have articulated here, defendants argue *Howard* permits a conclusion as a matter of law at

26  the pleading stage that the shackling policy challenged in this action is likewise legally sound.  The

27  Ninth Circuit, however, has subsequently made clear that *Howard* cannot be read as establishing a

28  rule that blanket shackling is always permissible if no jury is present.  In *United States v. Brandau*,

**United States District Court**
For the Northern District of California

1  578 F.3d 1064 (9th Cir. 2009), while citing *Howard*, the court observed, "[w]e have not . . . fully

2  defined the parameters of a pretrial detainee's liberty interest in being free from shackles at his

3  initial appearance, or the precise circumstances under which courts may legitimately infringe upon

4  that interest in order to achieve other aims, such as courtroom safety." *Id.* at 1065. *Brandau* went on

5  to remand to the trial court for a determination as to whether the case had been mooted by a

6  voluntary revocation of the blanket shackling policy the plaintiffs were challenging. *Id.* at 1069-

7  1070. That remand would have been unnecessary had it been possible to conclude under *Howard*

8  that blanket shackling is always permissible when a jury is not present.

9       Even without *Brandau*, the *Howard* opinion itself reveals that the permissibility of a blanket

10  shackling policy turns on a number of factors, of which the absence of a jury is only one.[2] Because

11  of the procedural context in which *Howard* arose, both the district court and the Ninth Circuit had

12  the benefit of an evidentiary record, including declarations describing such matters as the specific

13  security concerns in the particular courthouse facility to which the policy applied. 480 F.3d at 1008-

14  1009. Evaluating whether the policy at issue in this case can similarly be justified must await the

15  development of an evidentiary record. Accordingly, the motion to dismiss is denied.[3]

16

17       B. *Amicus curiae*

18       The Asian Law Caucus, Centro Legal De La Raza, and Dolores Street Community Services

19  seek leave to file an *amicus curiae* brief in support of plaintiffs' opposition to the motion to dismiss.

20  Because the motion to dismiss presents purely legal issues as to the sufficiency of the pleadings, any

21  unique perspectives or information the proposed *amici* might have to offer are not especially

22

23  ---

[2] Among other things, *Howard* noted that the policy before it reserved discretion to the magistrate
24  judges to make individualized determinations for removal of the shackles. Plaintiffs here assert that
    although Immigration Judges may *request* removal of the shackles in particular cases, final
25  discretion lies with ICE, not the judges. While a more complete record on this point is needed, it
    provides at least one potential basis for distinguishing *Howard*.
26

27  [3] Defendants' additional argument that some of them are not properly named as defendants does not
    warrant dismissal at this juncture, even assuming that it was redundant or unnecessary to name each
28  of them.

United States District Court
For the Northern District of California

1  pertinent at this juncture. Plaintiffs are represented by competent counsel who have ably addressed

2  the relevant legal issues. Accordingly, the motion for leave to file an *amicus* brief is denied. Should

3  the proposed *amici* seek to offer input at some later stage in the proceedings, any motion for leave to

4  submit a brief will be evaluated in light of the circumstances that exist at such time.

5

6        C.  Motion to certify class

7        Defendants' opposition to class certification is largely based on the same arguments

8  presented in their motion to dismiss, which fail for the reasons set out above. To the extent

9  defendants contend that plaintiffs have not otherwise satisfied the prerequisites for class certification

10  under Rule 23 of the Federal Rules of Civil Procedure, those arguments also fail.

11        "The class action is an exception to the usual rule that litigation is conducted by and on

12  behalf of the individual named parties only." *Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550,

13  (internal quotation marks and citation omitted). "In order to justify a departure from that rule, a class

14  representative must be part of the class and possess the same interest and suffer the same injury as

15  the class members." *Id*. (internal quotation marks and citation omitted).

16        Rule 23(a) provides four prerequisites that must be satisfied for class certification:

17

18  (1) the class is so numerous that joinder of all members is impracticable;
    (2) there are questions of law or fact common to the class;

19  (3) the claims or defenses of the representative parties are typical of the claims or
    defenses of the class; and

20  (4) the representative parties will fairly and adequately protect the interests of the
    class.

21

22  Fed.R.Civ.P. 23(a).

23        A plaintiff also must establish that one or more of the grounds for maintaining the suit are

24  met under Rule 23(b), including that: (1) there is a risk of substantial prejudice from separate

25  actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or

26  (3) common questions of law or fact predominate and the class action is superior to other available

27  methods of adjudication. Fed.R.Civ.P. 23(b).

28

**United States District Court**
For the Northern District of California

1    Here, there is no genuine dispute that the number of detainees appearing in immigration

2    court in San Francisco on an ongoing basis is sufficient to satisfy the numerosity requirement for

3    class certification.  Defendants' argument that plaintiffs fail to demonstrate sufficient actual class

4    size is premised on their view that only persons who have suffered "prejudice" are properly part of

5    the class.  As indicated above, plaintiffs need not have suffered the prejudice of an adverse

6    immigration decision flowing directly from the restraint policy to seek prospective injunctive relief

7    against what they contend is an unconstitutional deprivation of their rights.

8    Defendants' attack on plaintiffs' showing of commonality and typicality likewise rest on

9    their mistaken assumption that each plaintiff must show prejudice as they define it.  Similarly,

10   defendants contend that commonality and typicality are lacking because the precise circumstances

11   attaching to each plaintiff may vary, and different individuals may claim to have suffered different

12   degrees or types of physical harm, psychological harm, or impairment to their abilities to present

13   their cases.

14   Plaintiffs' suggestion of a panoply of potential harms from a blanket shackling policy, not all

15   of which each class member may have personally suffered, does not defeat commonality or

16   typicality in this context.  They are not seeking damages, only injunctive relief against a policy that

17   allegedly is applied to all members of the class indiscriminately.  Plaintiffs may properly offer

18   evidence and argument as to any number of potential consequences resulting from such a policy

19   without the added requirement for each class member to show he or she has suffered, or will suffer,

20   all of those consequences, or any particular subset of them.

21   For similar reasons, defendants' challenges to the named plaintiffs' adequacy to serve as

22   class representatives fail.  When considering that issue, courts generally evaluate only two

23   questions: "(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with

24   other class members, and (2) will the representative plaintiffs and their counsel prosecute the action

25   vigorously on behalf of the class?" *Staton v. Boeing Co.,* 327 F.3d 938, 957 (9th Cir.2003).

26   Particularly given the absence of a requirement that each class member demonstrate prejudice in the

27   manner suggested by defendants, or that they all have suffered identical injuries from the policy, no

28

evidence of conflict of interest arises. Plaintiffs have been vigorous in prosecuting the action, and there is no reason to doubt their counsel's commitment or ability to pursue the matter.

Finally, plaintiffs have established that requirements of Rule 23(b) are satisfied because declaratory or injunctive relief benefitting the class as a whole would be appropriate and/or because common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Again, defendants' arguments to the contrary are based on a mistaken view as to what plaintiffs must show to be entitled to prospective injunctive relief. Either the blanket policy is legally permissible under all the circumstances, or it is not. That issue may be resolved on a class-wide basis without regard to the specific circumstances of each class member and the particular harms he or she may have suffered. Accordingly, the motion to certify the class will be granted.

## IV. CONCLUSION

(1) Plaintiffs' motion for class certification is granted. The Court hereby certifies the class consisting of all current and future adult immigration detainees who have or will have proceedings in immigration court in San Francisco.

(2) Defendants' motion to dismiss is denied. Defendants shall file an answer within 30 days of the date of this order.

(3) The motion of the Asian Law Caucus, Centro Legal De La Raza, and Dolores Street Community Services for leave to file an *amicus curiae* brief is denied.

IT IS SO ORDERED.

Dated: December 23, 2011

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

8