United States District Court
Northern District of California

UELIAN DE ABADIA-PEIXOTO, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No.: CV 11-04001 RS (KAW)

ORDER RE IN CAMERA REVIEW

Defendant U.S. Department of Homeland Security submitted documents for review *in camera* per the Court's November 16, 2012 order. (Dkt. No. 110.) The Court has completed most of its review of Defendants' *in camera* submission and issues this initial order. As set forth below, the Court seeks further information regarding certain documents, and orders Defendants to produce certain other documents.

## I. DISCUSSION

The Court discussed the deliberative process privilege in its November 16, 2012 order and incorporates the discussion and analysis of the privilege in the prior order by reference. (Dkt. No. 110.)

Per the Court's November 16, 2012 order, the Government submitted 17 bates stamped documents that it had withheld from Plaintiffs on the basis of deliberative process privilege.[1] After reviewing the documents, the Court finds that the deliberative process privilege did not apply with respect to at least 10 documents because they were not both deliberative and predecisional. Accordingly, Defendants shall produce the documents identified below to Plaintiffs, without redaction, unless otherwise noted.

///

---

[1] In response to the Court's November 16, 2012 Order, the Government voluntarily produced Document Nos. DHS018311-018312, so those documents will not be addressed.

**A. Documents to be Produced**

   1. <u>Documents summarizing ICE's *Use of Restraints* policy</u>

Documents Nos. 2305, 16919, 18296, 18306, and 18307 all summarize ICE's *Use of Restraints* policy, which was publicly released, so these documents are neither predecisional nor deliberative and must be produced. In fact, the January 29, 2009 email (No. 18307) clearly states that a version of the summary was provided when another non-governmental organization (NGO) requested it, which would, in itself, destroy privilege.

   2. <u>Documents pertaining to the restraints policy for asylum seekers</u>

Document No. 18314 is a "portion of message containing internal deliberations regarding the response to UNHCR." This document is not privileged with the exception of the first sentence, which begins with "We are" and ends with "today." This document shall be produced, and the Government has the discretion to do so with that first sentence redacted.

While the Court will not order Document No. 18318, described as "Portion of message containing internal deliberations regarding the response to UNHCR," the Court orders the Government to produce the referenced letter that it sent to UNHCR, because that document is not privileged. In addition, if it has not yet done so, the Government is ordered to produce copies of all final restraint policies for asylum seekers, including those that have been superseded, from August 1, 2011 to present.

   3. <u>Other Documents</u>

Document No. 18347 was purportedly withheld on the basis of deliberative process and attorney work product. The rationale the Government provides in its privilege log is that it is an "[e]mail message discussion conducted at the request of counsel." The email is between Jason McClay and David Jennings, and was forwarded to "ICE ERO Supervisory Detention and Deportation Officers, Yakov Grinberg, Claudio McCoy, Johnny Bailey." None of these actors are attorneys, so the claimed work product privilege does not apply. Further, the contents are factual in nature, as they concern the implementation of ICE's Restraints policy as it relates to one of the named plaintiffs in restraints. So even if this were subject to the qualified deliberative process

privilege—which it is not— this privilege could be overcome by Plaintiffs' substantial need for the document. The Government is therefore ordered to produce this document without redaction.

Document No. 18352 is an email that contains the name and alien number of a detainee. This document was withheld on the basis of privacy. The entire contents are not privileged and the Government is ordered to produce this email with the name and alien number redacted to protect the detainee's privacy.

### B. More information required by the Government

The Government is ordered to produce additional information *in camera* to the Court to assist it in making a privilege determination regarding Document Nos. 18320 and 18345. Specifically, a copy of the final version of the August 2011 restraints policy for asylum seekers, including the date and time the policy was finalized.

### C. Privileged Documents

After a review of all documents *in camera*, the Court finds that Document Nos. 18316, 18317, 18318, 18350, 18351, and 18353 are protected by the deliberative process privilege and are not subject to disclosure. Document No. 18348 is protected by attorney-client privilege.

## II. CONCLUSION

As set forth above, the Court finds that certain documents over which the Government has asserted deliberative process privilege are not deliberative and predecisional, and thus, not entitled to protection. Accordingly, the Government shall produce the documents identified above by January 18, 2013. For those documents about which the Court seeks additional information, the Government shall provide its response *in camera* by January 14, 2013. The Court will then issue a further order concerning the remainder of the *in camera* production.

IT IS SO ORDERED.

DATE: January 7, 2013

KANDIS A. WESTMORE
United States Magistrate Judge