United States District Court
Northern District of California

UELIAN DE ABADIA-PEIXOTO, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No.: CV 11-04001 RS (KAW)

THIRD ORDER RE IN CAMERA REVIEW

The Court issued its second order regarding the ongoing *in camera* review on February 1, 2013. (*See* Dkt. No. 122.) In that order, the Court ordered the Government "to comply with the January 7, 2013 order to provide the date and time the August 2011 [restraints] policy [for asylum seekers] was finalized through the submission of a sworn declaration." *Id.*

On February 8, 2013, Christopher W. Hollis, on behalf of the Government, filed the response, which included the sworn declaration of Andrew Lorenzen-Strait, Public Advocate for Immigration and Customs Enforcement (ICE). (*See* Dkt. No. 124.) Mr. Hollis represented that Mr. Lorenzen-Strait's declaration would "provide the date and time the August 2011 policy was first finalized". *Id.* Mr. Lorenzen-Strait's declaration states, however, that August 19, 2011 was the date that ICE's "initial guidance notice governing the use of restraints on asylum seekers during immigration court proceedings" was finalized and an email notice was disseminated to Office Directors and Deputy Field Officers. (Dkt. No. 124, Lorenzen-Strait Decl., at 1:22-23.) Exhibit A to Lorenzen-Strait's Declaration is "Enforcement and Removal Operations Notice" number 009.2011(11152), which is called a "guidance" document, with the subject "ERO Field Guidance on Use of Restraints for Asylum Seekers during Immigration Court Proceedings."

The Court did not ask what date the guidance document was finalized, or generated, but rather what date and time the policy decision was first made regarding the restraints policy for asylum seekers. (2/1/13 Order, Dkt. No. 122.) For that reason, Mr. Lorenzen-Strait's declaration

is non-responsive. The proximate date and time is relevant for the purposes of determining whether the deliberative process privilege applies to Document Nos. 18320 and 18345, which are emails that were transmitted on August 9, 2011 and August 11, 2011, respectively. (*See* 11/16/12 Joint Discovery Letter Order, Dkt. No. 110, for a discussion of the deliberative process privilege.)

Defendants previously produced documents for review *in camera* that suggested that the restraints policy for asylum seekers would be finalized on or around August 8, 2011. In light of those documents, it is unlikely that the policy decision was made on the same date that the guidance governing the use of restraints was disseminated to the field offices. The Court has given the Government two opportunities to provide the date and time the decision regarding the restraints policy was made. So, unless the Declarant will state under penalty of perjury that the policy decision was made on August 19, 2011—the same date the guidance document was generated and the policy disseminated to the field offices— the Court will err on the side of disclosure and assume that the policy decision was made on August 8, 2011, the date originally anticipated by the Government, rather than the date the guidance document was distributed.

The Court notes that the deliberative process privilege is a qualified one, such that even if a document is privileged, courts may order discovery. *See F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Privileged materials may be obtained if the propounding party's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. *Id.* at 1161 (citing *United States v. Leggett & Platt, Inc.,* 542 F.2d 655, 658 (6th Cir.1976)).

In light of the above, the Government shall provide a sworn declaration by March 6, 2013 providing the date and time that the policy decision on the restraints policy for asylum seekers was made. Failure to comply will result in Document Nos. 18320 and 18345 being ordered produced without redaction on the basis that they are not subject to the deliberative process privilege.

IT IS SO ORDERED.

DATE: February 27, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge