United States District Court
Northern District of California

UELIAN DE ABADIA-PEIXOTO, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No.: CV 11-04001 RS (KAW)

FOURTH ORDER RE IN CAMERA REVIEW

The Court issued its third order regarding the ongoing *in camera* review on February 27, 2013. (*See* Dkt. No. 128.) In that order, the Court ordered the Government to "provide a sworn declaration by March 6, 2013 providing the date and time that the policy decision on the restraints policy for asylum seekers was made." *Id.* Should the Government not comply, Document Nos. 18320 and 18345 would be ordered "produced without redaction on the basis that they are not subject to the deliberative process privilege." *Id.*

On March 6, 2013, the Government lodged its response, which included the sworn declaration of Andrew Lorenzen-Strait, Public Advocate for Immigration and Customs Enforcement (ICE). Mr. Lorenzen-Strait's declaration states that ICE finalized the policy governing the use of restraints on asylum seekers on August 19, 2011. Therefore, the deliberative process privilege may apply to Document Nos. 18320 and 18345, which are emails that were transmitted on August 9, 2011 and August 11, 2011, respectively.

Deliberative process privilege, however, is a qualified privilege, and courts may order discovery even if the government meets its burdens of showing the document is predecisional and deliberative. *See F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). Privileged materials may be obtained if the propounding party's "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure. *Id.* at 1161 (citing *United States v. Leggett & Platt, Inc.,* 542 F.2d 655, 658 (6th Cir.1976)).

When asserting this privilege, the Government must show that the documents are predecisional and deliberative, and then the burden shifts to the propounding party to show that the privilege should be waived. *See Cal. Native Plant Soc'y v. U.S. Envtl. Prot. Agency*, 251 F.R.D. 408 (N.D. Cal. 2008) (citing *Chevron U.S.A. Inc. v. United States*, 80 Fed.Cl. 340, 355-57 (Fed.Cl. Jan. 30, 2008)). "Among the factors to be considered in making this determination are: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *F.T.C. v. Warner Communications Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).

Document No. 18320 is an email that addresses how the ICE Enforcement and Removal Operations in San Francisco will determine whether to restrain asylum seekers even though the courtrooms lack certain technology. This is directly relevant to the litigation, which concerns the Government's alleged blanket shackling policy of immigration detainees during immigration court proceedings. The Government is a party in this case, but this email is unlikely to hinder frank and independent discussion, because even though it is unclear whether the subject matter is policy or fact, the focus of the communication is on San Francisco ICE making individualized determinations regarding the use of restraints for asylum seekers, which they should have already been doing. Any privilege that may exist is, therefore, outweighed by the propounding party's need for this document, and so it must be produced.

Document No. 18345 is an email that is clearly predecisional and deliberative, and no overriding need exists to warrant production.

///
///
///
///
///
///
///

1    For the reasons set forth above, Document Nos. 18320 and 18345 are subject to the
2 deliberative process privilege.  Document No. 18320 shall be produced without redaction by April
3 3, 2013, on the grounds that the privilege is qualified, and the propounding party's need overrides
4 the Government's interest in nondisclosure.  Document No. 18345, however, shall not be
5 produced.
6    IT IS SO ORDERED.
7 DATE: March 27, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge