# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UELIAN DE ABADIA-PEIXOTO, *et al.*, | Case No.: 3:11-cv-4001 RS |
| Plaintiffs, | **CLASS ACTION** |
| v. | **[PROPOSED] PRELIMINARY APPROVAL ORDER** |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, RAND BEERS, Acting Secretary of the United States Department of Homeland Security, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN SANDWEG, Acting Director of U.S. Immigration and Customs Enforcement, TIMOTHY AITKEN, Field Office Director of the San Francisco District of U.S. Immigration and Customs Enforcement, ERIC H. HOLDER, JR., United States Attorney General, THE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and JUAN P. OSUNA, Director of the Executive Office for Immigration Review, | Date: January 23, 2014<br>Time: 1:30 p.m.<br>Judge: Honorable Richard Seeborg<br>Ctrm: 3, 17th Floor<br><br>Action Filed: August 15, 2011 |
| Defendants. | |

1     This matter having come before the Court on Plaintiffs' unopposed motion for
2  preliminary approval of the proposed settlement of the above-captioned class action (the
3  "Action") pursuant to the parties' settlement agreement ("Agreement"), and having duly
4  considered the papers and arguments of counsel, the Court hereby finds and orders as follows:
5     1.     Unless defined herein, all defined terms in this Order shall have the respective
6  meanings set forth in the Agreement.
7     2.     The Court has conducted a preliminary evaluation of the Agreement for fairness,
8  adequacy, and reasonableness.  Based on this preliminary evaluation, the Court finds that (i)
9  there is cause to believe that the Agreement is fair, reasonable, and adequate, and within the
10 range of possible approval, (ii) the Agreement has been negotiated in good faith at arm's-length
11 between experienced attorneys familiar with the legal and factual issues of this case, and (iii) the
12 notice of the material terms of the Agreement to members of the Settlement Class for their
13 consideration and reaction is warranted.  Therefore, the Court grants preliminary approval of the
14 Agreement.
15    3.     On April 10, 2014 at 1:30 p.m. , this Court will hold a hearing on the fairness,
16 adequacy, and reasonableness of the Agreement ("Fairness Hearing") and will determine
17 whether final approval of the Agreement should be granted via entry of the Proposed Final Order
18 and Stipulated Dismissal attached as Exhibit D to the Agreement.
19    4.     The Court approves the form and manner of giving direct notice to the Settlement
20 Class by: (i) sending notice via U.S. mail and/or email to all organizations included on the list of
21 low-fee and free legal services provided to respondents in removal proceedings before the San
22 Francisco Immigration Court; (ii) sending notice via email to the list-serv for the Northern
23 California chapter of AILA (American Immigration Lawyers Association) and the Northern
24 California chapter of the National Lawyers' Guild; (iii) posting notice in areas visible to
25 immigration detainees in all facilities holding respondents appearing before the San Francisco
26 Immigration Court; and (iv) posting notice on the websites of EOIR, ICE, ACLU of Northern
27 California, and Lawyers' Committee for Civil Rights of the San Francisco Bay Area.  All
28 postings will be in English, Spanish, Chinese, and Punjabi, and all parties will provide alternate

-1-

1  format copies of the notice upon request.  Notice will be posted/distributed by the parties within
2  seven (7) working days of the date of entry of the Preliminary Approval Order, and shall remain
3  posted for no less than thirty (30) days.  The parties will submit declarations to the Court as part
4  of the motion for Final Approval confirming that notice has been issued according to this
5  paragraph.  The notice in form, method, and content complies with the requirements of Rule 23
6  and due process, and constitutes the best notice practicable under the circumstances.  The Court
7  hereby directs the parties to complete all aspects of the notice process no later than January 30,
8  2014 and in accordance with the terms of the Agreement.

9       5.     Any member of the Settlement Class may object to final approval of the
10  Agreement by submitting his or her objection ("Objection") to Class Counsel in writing, via
11  regular or electronic mail, or by leaving a message with his or her Objection via telephone to the
12  number previously provided by Defendants to facilitate contact with Class Counsel from persons
13  within immigration detention facilities; *provided, however*, that all Objections must be received
14  by Class Counsel no later than twenty-one (21) days prior to the Fairness Hearing.  Class
15  Counsel shall file any Objections with the Court no later than fourteen (14) days prior to the
16  Fairness Hearing and will forward copies of any Objections to Defendants' counsel within five
17  (5) calendar days of receipt.  A Settlement Class member who objects to the Settlement need not
18  appear at the Fairness Hearing for his or her objection to be considered by the Court; however,
19  any additional papers, briefs, pleadings, or other documents that any objector would like the
20  Court to consider must be filed with the Court, with a copy postmarked to the parties' counsel,
21  no later than twenty-one (21) days prior to the final approval hearing.  All papers filed by an
22  objector shall include the caption *De Abadia-Peixoto, et al.*, No. 3:11-cv-4001 RS, and provide:
23  (i) the Settlement Class member's full name and current address; (ii) a signed declaration that he
24  or she believes himself or herself to be a member of the Settlement Class; (iii) the specific
25  grounds for the objection; (iv) all documents or writings that such Settlement Class member
26  desires the Court to consider; and (vii) a notice of intention (if any) to appear at the Fairness
27  Hearing.
28

-2-

[PROPOSED] PRELIMINARY APPROVAL ORDER
3:11-CV-4001 RS

6. Any Settlement Class member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this Action. While the declaration described in subparagraph 5(ii) is *prima facie* evidence that the objector is a member of the Settlement Class, the parties may take discovery regarding the matter, subject to Court approval. If an objector does not submit his or her Objection in accordance with the deadline and procedure set forth in the notice, and the Settlement Class member is not granted relief by the Court, the Settlement Class member will be deemed to have waived his or her right to be heard at the Fairness Hearing.

7. The Agreement, and the proceedings and statements made pursuant to the Agreement or papers filed relating to the approval of the Agreement, and this Order, shall not be offered or received against any party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the parties of the truth or falsity of any fact, claim, defense, or argument that was or could have been asserted in the Action, or any admission of liability, negligence, fault, or wrongdoing by any party, or referred to in any other way for any other reason as against the parties to the Agreement, in any other civil, criminal, or administrative action or proceedings, other than in proceedings to enforce the Agreement. Nothing contained herein, however, shall be construed to prevent the parties from offering the Agreement into evidence for the purposes of enforcement of the Agreement.

**IT IS SO ORDERED**.

Dated: January 23, 2014

_____
Honorable Richard Seeborg
United States District Judge