# EXHIBIT 2

DAVID J. BERGER, State Bar No. 147645
THOMAS J. MARTIN, State Bar No. 150039
CATHERINE E. MORENO, State Bar No. 264517
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: tmartin@wsgr.com

PAUL CHAVEZ, State Bar No. 241576
ROBIN GOLDFADEN, State Bar No. 208055
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
Email: pchavez@lccr.com

JULIA HARUMI MASS, State Bar No. 189649
JINGNI (JENNY) ZHAO, State Bar No. 284684
ALAN L. SCHLOSSER, State Bar No. 49957
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile: (415) 255-8437
Email: jmass@aclunc.org

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UELIAN DE ABADIA-PEIXOTO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Case No.: 3:11-cv-4001 RS <br><br> **CLASS ACTION** <br><br> **NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

## IMPORTANT:  PLEASE READ CAREFULLY

***To:  All current and future adult immigration detainees who have or will have proceedings in immigration court in San Francisco during the period from December 23, 2011 to April 10, 2017 (the "Class").***

This notice is being given by Order of the Court to individuals who may be members of a class of current and future adult immigration detainees who have or will have proceedings in immigration court in San Francisco during the period from December 23, 2011 to April 10, 2017, who are affected by the settlement of a class action lawsuit called *De Abadia Peixoto et al. v. United States Dept. of Homeland Security, et al.*, Case No.: 3:11-CV-4001 RS (U.S. District Court, Northern District of California).

The lawsuit claims that the practice, employed by Immigration and Customs Enforcement ("ICE"), of restraining all immigration detainees during their appearances in San Francisco Immigration Court was unconstitutional, and a violation of detainees' due process rights. Defendants, which include the United States Department of Homeland Security ("DHS"); Rand Beers, Acting Secretary of DHS; United States Immigration and Customs Enforcement ("ICE"); John Sandweg, Acting Director of ICE; Timothy Aitken, Field Office Director of the San Francisco District of ICE; Eric H. Holder, Jr., United States Attorney General; the Executive Office for Immigration Review ("EOIR"); and Juan P. Osuna, Director of EOIR (collectively, "Defendants") deny all wrongdoing.

The District Court has scheduled a hearing to consider the settlement on April 10, 2014 at 1:30 p.m. in Courtroom 3, 17th Floor at the United States District Court, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102.

This hearing is referred to as the settlement hearing or fairness hearing.  If the District Court approves this settlement, all claims by Class members against Defendants that were or could have been asserted on behalf of the Class arising from or related to the facts and circumstances alleged in the lawsuit will be forever released (the "Released Claims").  The Released Claims include all claims for injunctive or declaratory relief (whether known or unknown) that could have been brought on behalf of members of the Class at any time prior to the settlement challenging the

1 lawfulness of policies or procedures governing the use of restraints in San Francisco Immigration
2 Court.  This settlement does not release any individual class member's (other than the named
3 plaintiffs') ability to bring a claim for monetary damages in his or her individual capacity arising
4 from or related to injury suffered as a result of Defendants' application of restraints on such class
5 member.  Nor does it impact any individual class member's (other than the named plaintiffs')
6 ability to argue that the application of restraints adversely affected his or her ability to defend or
7 present his or her case to the San Francisco Immigration Court.

8 **The purpose of this notice is to inform you of:**

9 - **The nature of the lawsuit, and who is a member of the class;**
10 - **Your right to object to the settlement;**
11 - **A description of the terms of the proposed settlement; and**
12 - **How to find out more information about the proposed settlement.**

13 **THE LAWSUIT AND THE CLASS**

14 This lawsuit was filed as a class action on August 15, 2011 by four immigration detainees
15 who had, or were scheduled to have, proceedings before the San Francisco Immigration Court.
16 The lawsuit claims that Defendants' then-extant policy of restraining all immigration detainees
17 during their immigration court proceedings was unconstitutional, and in violation of detainees'
18 due process rights.  The plaintiffs sought injunctive relief and attorneys' fees.
19 On December 23, 2011, the Court ruled that plaintiffs' claims could go forward on behalf
20 of a class defined as "all current and future adult immigration detainees who have or will have
21 proceedings in immigration court in San Francisco."
22 The Court's order designated the following lawyers to serve as counsel to the class ("Class
23 Counsel") in this action:

24 DAVID J. BERGER, State Bar No. 147645
CATHERINE E. MORENO, State Bar No. 264517
25 WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
26 650 Page Mill Road
Palo Alto, CA 94304-1050
27 Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
28

PAUL CHAVEZ, State Bar No. 241576
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile:  (415) 543-0296

JULIA HARUMI MASS, State Bar No. 189649
ALAN L. SCHLOSSER, State Bar No. 49957
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
Facsimile:  (415) 255-8437

The Court's order also appointed named plaintiffs Uelian De Abadia Peixoto, Pedro Nolasco Jose, Mi Lian Wei, and Esmar Cifuentes as Class Representatives.

## DESCRIPTION OF THE PROPOSED SETTLEMENT

On December 18, 2013, the parties to this lawsuit reached a proposed settlement. The settlement agreement provides, in summary, that:

1. Defendants' policy for the use of restraints in San Francisco Immigration Court will preserve the dignity of immigration court proceedings as well as the dignity of individual detainees appearing in court, while protecting the safety and security of all participants and other detainees, ICE and EOIR personnel, and members of the public.

2. In general, all detainees will appear at Master Calendar hearings in full restraints (meaning leg restraints, a waist chain and/or handcuffs). However, any Supervisory Detention and Deportation Officer ("SDDO") may modify the level of restraints used at Master Calendar hearings in exigent circumstances, or upon a detainee's request to have such restraints removed or reduced, if the detainee is suffering from a physical, psychological or medical condition that would prevent the application of restraints in a safe and humane manner. The SDDO's decision regarding a detainee's request to remove or reduce the level of restraints to be applied in a Master Calendar Hearing will be documented by ICE and communicated to the detainees and/or his or her counsel.

-4-

3. Except for emergency situations (discussed below), detainees appearing for bond or merits hearings will not be restrained.

4. Officers may apply restraints in bond and merits hearing only in emergency situations to protect the safety of the detainee, other detainees, the public, ICE or EOIR personnel, or to prevent escape. Emergency situations include those in which the detainee becomes combative, disruptive, violent or threatening. If a detainee was previously restrained due to his or her behavior, that detainee will be restrained for all future hearings. However, if a detainee who was previously restrained due to his or her behavior believes that he or she has a medical, physical, or psychological grounds that would prevent the application of restraints in a safe and humane manner, he or she can request to modify or eliminate the use of restraints in future bond or merits hearings. The SDDO's decision regarding a detainee's request to remove or reduce the level of restraints to be applied in a bond or merits hearing will be documented by ICE and communicated to the detainees and/or his or her counsel.

5. Class members will receive a summary notice of the above-described change in Defendants' policies, to be posted in the detention facilities where they are housed, and in the holding areas of 630 Sansome Street. In addition, the immigration judge presiding over each master calendar hearing will make the following statement: "ICE has a policy regarding the use of restraints in Court, and under this policy, people are generally restrained for this type of hearing. If you have not received a copy of the notice reflecting this policy, or if you wish to request a change to the use of restraints in your case at this hearing, please advise the court at this time."

6. To facilitate attorney-client consultations related to master calendar hearings, ICE will maintain two visiting rooms, one of which will be made available for confidential attorney consultations from 7:00 a.m. to 8:45 a.m. in advance of master calendar hearings, and absent operational constraints arising from day-to-day management of ICE operations, from 8:45 a.m. to 11:00 a.m., during master calendar hearings. Defendants will also ensure that detainees have a copy of his or her notice to appear.

        In addition, Defendants will make best efforts to keep one pew in the courtroom free for brief attorney-client consultations during master calendar hearings, provided it does not interfere with or disrupt Defendants' ability to conduct proceedings or the safety or security of the courtroom.

7. For a period of at least two years, Class Counsel will receive documents and information concerning detainees who were restrained at bond or merits hearings due to an emergency situation, as well as requests by detainees to modify or reduce the level of restraints.

8. Defendants will pay Class Counsel reasonable attorneys' fees and costs in the amount of $350,000.

9. Class members will release the Released Claims against Defendants.

## **WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

You do not need to do anything if you are satisfied with the settlement.  If you are dissatisfied with any terms of the proposed settlement, you may object to the settlement by submitting your objection to Class Counsel in writing, via regular or electronic mail, or by leaving a message with your objection via telephone.  If you are calling from inside a detention facility, you can use the free call system and dial 9160#.  If you are calling from outside of detention, please call (650) 849-3186.  If you make your objection in writing, you must direct it to:

> Julia Harumi Mass
> AMERICAN CIVIL LIBERTIES UNION FOUNDATION
> OF NORTHERN CALIFORNIA, INC.
> 39 Drumm Street
> San Francisco, CA 94111
> Jmass@aclunc.org

Your objection must be received no later than March 20, 2014.  If you do not make your objection by that date, you will lose the right to object.  If you do object, you have the right to appear personally or through an attorney at the settlement hearing to present your objection to the Court.  Except with special permission of the Court, you will not be permitted to object at the hearing if your objection is not received as described above on or before March 20, 2014.

If, after the hearing, the Court rejects the settlement, it will be voided and litigation of this case will continue. If that happens, however, there is no assurance: (a) that any decision at trial would be in favor of the Class; (b) that a favorable trial decision, if any, would be as favorable to the Class as this settlement; or (c) that any such favorable trial decision would be upheld if any appeal were filed.

### **HOW TO GET MORE INFORMATION ABOUT THE SETTLEMENT**

If you have questions about the proposed settlement agreement, or would like to obtain a copy of it, you may contact the lawyers who represent the class, at the address below:

> JULIA HARUMI MASS
> AMERICAN CIVIL LIBERTIES UNION FOUNDATION
> OF NORTHERN CALIFORNIA, INC.
> 39 Drumm Street
> San Francisco, CA 94111
> Telephone: (415) 621-2493
> Facsimile: (415) 255-8437

From detention facilities you can use the free call system and dial 9160#. There will be no charge.

**DO NOT CONTACT DEFENDANTS, THE DISTRICT COURT OR THE JUDGE.**

Dated: January 30, 2014                    BY ORDER OF THE
                                           UNITED STATES DISTRICT COURT,
                                           NORTHERN DISTRICT OF CALIFORNIA